# Westerfield et al. v. Kessinger et al.

January 19, 1951.

A. J. Bratcher, Judge.

E. S. Howard for appellants.

Otto C. Martin for appellees.

JUDGE LATIMER—Affirming.

We have another action of the more or less unfortunate variety involving members of a family. W. W. Royal, father of appellant, Anna M. Westerfield, and grandfather of appellee, Delcye Kessinger, at one time owned a 400 acre tract of land in Ohio County. This tract was bounded on one side by what is known as the Hamilton

Ford Road and on the opposite side by a road known as the Ridge Road. The owner's dwelling house and buildings were situated on the Hamilton Ford Road. It appears that, for his own convenience, he made a passway running across his land more or less diagonally from his home on the Hamilton Ford Road to the Ridge Road, which ran by a tenant house near the center of this 400 acre tract of land.

In 1902, W. W. Royal conveyed to his son, C. E. Royal, a 52 acre tract of land in approximately the center of the 400 acres, which included this tenant house. C. E. Royal moved to and lived in this house and used the passway to the Hamilton Ford Road.

In 1915, C. E. Royal conveyed this 52 acre tract to I. T. Westerfield and his wife, Anna M. Westerfield. The Westerfields, who lived across the Hamilton Ford Road, used this passway in reaching this 52 acre tract.

W. W. Royal died in 1920. At the time of his death, of the original 400 acres, he owned only 71 acres fronting on the Hamilton Ford Road and running with it, and through which ran the passway in controversy. In the suit for settlement of the estate, T. P. Royal, son of W. W. Royal, and father of Delcye Kessinger, one of the appellees herein, became the purchaser of this 71 acre tract.

In 1923, T. P. Royal and the Westerfields agreed to change this passway and moved it several hundred yards westward. The Westerfields and T. P. Royal built and maintained together a bridge on the new passway. This new passway was closed by appellees in 1945 on the alleged grounds that appellants' tenants ran over and destroyed appellees' crops.

After appellees closed the passway, the Westerfields brought suit seeking removal of the fence across the passway, alleging the passway to be appurtenant to their land; also, that it had been held adversely for more than 15 years and that by reason of the closure they had been damaged in the sum of $270.

The cause was heard by the court. From judgment in favor of appellees, this appeal is prosecuted.

There are a number of preliminary questions presented by appellees seeking a dismissal of the appeal,

all of which we choose not to discuss, since we have concluded that the judgment should be affirmed. In the first place, the general rules controlling appurtenances to land do not reach the matter involved herein. It is significant that in the instant case the record discloses that this passway was constructed, or made, for the convenience and use of the original owner of the 400 acre tract of land. It was not made as a necessity to any particular portion of the land, but more as a convenience for the owner to reach his tenant house. When W. W. Royal sold this 52 acre tract to his son, this road was here. True, when a tract of land within the whole of an estate is conveyed to another, the presumption is that there shall be a way of ingress and egress as a necessity. The owner of this 52 acre tract could go over this existing passway either to the Ridge Road or to the Hamilton Ford Road, according to his convenience. It could not be persuasively argued that at the time this 52 acre tract was sold, if the seller desired to grant a right of ingress and egress as a necessity, he could not have then and there closed the Hamilton Ford Road and have left only as the purchaser's means of ingress and egress the passway to the Ridge Road. It appears, however, that nothing was said with respect thereto, and purchaser was permitted to use either passway.

It will next be noted that a brother, namely, T. P. Royal, later became the owner of the old homestead which lay at the outlet of the Hamilton Ford Road. T. P. Royal entered into an agreement with the Westerfields to construct a new road some 100 yards west of the original road. As far as this record discloses, the road was used thereafter pursuant to this agreement. Later the Westerfields became the owner of the land between this tract and the Ridge Road, which made possible the right of ingress and egress over their own land to this Ridge Road. The record discloses that the tenant house is now dilapidated and almost rotted down; that the outhouses and barns have disappeared; that no one has lived on this land for 12 or 15 years; that very little of the tracts of land are in cultivation; and that practically the only use made of the road is by tenants who cultivate what little portion there is in cultivation.

We cannot agree with appellants that, on the basis of necessity, this Hamilton Ford Road is appurtenant

to the land. There is no convincing evidence that this passway has been used by the public generally, nor so adversely by appellants as to create by adverse possession the right of user by prescription.

The chancellor not only heard the conflicting evidence herein but personally viewed the premises and lands, the roads and physical surroundings, and came to the conclusion that appellants had no claim upon this road, either as appurtenant to the land or by adverse possession.

When left in doubt as to questions of fact, we have consistently refused to disturb the findings of the chancellor.

The judgment is affirmed.